# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# EUGENE DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

    v.

**THERON GILBERT GERBER,**

    Defendant.

No. 6:19-cr-00555-AA-1

**OPINION & ORDER**

AIKEN, District Judge.

This case comes before the Court on Defendant Theron Gilbert Gerber's Motion to Reduce Sentence. ECF No. 51. For the reasons set forth below, the Motion is DENIED.

## BACKGROUND

On January 6, 2020, Defendant pleaded guilty to one count of unlawful possession of short-barreled firearms in violation of 26 U.S.C. §§ 5841 and 5861(d) and one count of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). ECF No. 38. Defendant entered this plea as part of a negotiated agreement with the Government. ECF No. 39. On February 4, 2020, Defendant was sentenced to 60 months with four years of supervised release. ECF Nos. 48, 49.

## DISCUSSION

Defendant's Motion, ECF No. 51, seeks a reduction in Defendant's sentence pursuant to the First Step Act. Generally, a federal court may not modify a term of imprisonment once it has

been imposed. 18 U.S.C. § 3582(c). But this rule is subject to several exceptions, "one of which provides courts the discretion to grant a prisoner compassionate release when certain conditions are met." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). In addition to the exhaustion of administrative remedies, a court must be satisfied that (1) "extraordinary and compelling reasons warrant such a reduction," and must (2) consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* at 1283-84. Although courts must consider each step when granting a motion for compassionate release, "a district court that properly *denies* compassionate release need not evaluate each step." *Id.* at 1284 (emphasis in original).

In support of his Motion, Defendant points to his accomplishments while incarcerated; to the difficult conditions in BOP custody caused by the COVID-19 pandemic, during which Defendant twice contracted COVID-19; and to Defendant's father's sudden passing. The Court concludes that this does not satisfy the requirement that there be extraordinary and compelling reasons warranting a reduction in Defendant's sentence. Accordingly, the Court need not examine the § 3553(a) factors and Defendant's Motion is DENIED.

It is so ORDERED and DATED this  6th   day of September 2022

 /s/Ann Aiken
ANN AIKEN
United States District Judge